1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| READYLIFT SUSPENSION, INC., a Nevada Corporation, | CASE NO. 2:10-cv-03158-JFW-FFM |
| Plaintiff and Counter-Defendant, | **FIRST [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |
| v. | |
| TAP WORLDWIDE, LLC, d/b/a TRANSAMERICAN AUTO PARTS, 4 WHEEL PARTS, INC., PRO COMP SUSPENSION; TRANSAMERICAN AUTO PARTS DISSOLUTION COMPANY, LLC f/k/a TRANSAMERICANN AUTO PARTS COMPANY, LLC, d/b/a 4WHEEL PARTS AND TRANSAMERICAN WHOLESALE; and EXPLORER DISSOLUTION COMPANY, LLC, f/k/a EXPLORER COMPETITION PRODUCTS, LLC d/b/a PRO COMP; DOES 1 through 10, inclusive, | DISCOVERY MATTER<br><br>**Note changes made by Court.** |
| Defendants and Counter-Plaintiffs | |
| COUNTER-COMPLAINT | |

/ / /

/ / /

/ / /

# PROTECTIVE ORDER

Upon the stipulation of the parties for entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent disclosure of confidential information, the Court enters the following order:

1.    **Statement of Good Cause.**  Federal Rule of Civil Procedure 26(c)(7) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential research, development, or commercial information is a proper basis for the issuance of a protective order. The parties have conferred and stipulate to the following.

This case involves a dispute between two competitors in the highly competitive market for aftermarket offroad accessories: Readylift Suspension, Inc. ("ReadyLift") and TAP Worldwide, LLC ("TAP Worldwide") (collectively, the "Parties" or "parties").  It is anticipated that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information relating to the Parties' respective non-public financials as well confidential and proprietary business arrangements, respective confidential distribution and marketing strategies, and the like.  Public disclosure of this type of information would likely cause significant harm to the affected party's competitive position in the marketplace.  As such, there is good cause for entering a protective order.

Accordingly, the Parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order (the "Protective Order").   The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to confidential treatment.  The Parties further acknowledge, as set forth in Paragraph 8 of the Protective Order, that this Protective Order does not create an

[PROPOSED] STIPULATED PROTECTIVE ORDER

entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    **Scope of Order.**  This Protective Order shall govern the use of all documents, materials, testimony, and information produced during discovery in connection with the above-captioned action and related proceedings, such as appeals (collectively, the "Action"), whether furnished by a party or by a non-party, which have been designated, in good faith, by a party or by a non-party in accordance with this Protective Order as comprising or containing its or another's confidential or trade secret information.  Such documents, materials, testimony, and information may include, without limitation, pleadings, deposition testimony, answers to interrogatories, documents and things produced, information obtained from inspection of premises, reports and declarations, exhibits for trial, and any other discovery or disclosure made in this litigation.  In addition, this Protective Order addresses assertions of attorney-client privilege and work product.

3.    **Definitions.**  The following definitions shall apply to this Protective Order:

(a)    "AUTHORIZED PERSON" means a person described in paragraph 7 of this Protective Order who is authorized to receive documents, materials, testimony, and information designated as CONFIDENTIAL INFORMATION and/or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY, as the case may be.

(b)    "CONFIDENTIAL INFORMATION" means documents, materials, testimony, and information described in subparagraph 4(a) of this Protective Order and designated in accordance with the terms and conditions of this Protective Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER

(c)    "CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY" means documents, materials, testimony, and information described in subparagraph 4(b) of this Protective Order and designated in accordance with the terms and conditions of this Protective Order.

(d)   "TRADE SECRET" means information that includes a formula, pattern, compilation, program, device, method, technique, or process, that:

(1)    derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

(2)    is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

The parties agree that trade secrets include the following information which is the subject of reasonable efforts of secrecy by the respective parties:

(i)    current technical information, including specifications, manufacturing processes, engineering drawings, lab notebooks, and the like relating to current products or to future developments not yet incorporated into a product, the disclosure of which could be used to replicate the parties engineering and development efforts;

(ii)    current marketing, financial information, strategic plans, budgets, production volumes, supply agreements, license agreements, and sales, the public disclosure of which would give competitors an opportunity to impede the parties' efforts to improve or increase their position in the marketplace;

(iii)    current market analyses and projections, the disclosure of which would reveal marketing strategy to competitors;

3

1          (iv)   current or future patent prosecution information, the disclosure
2                of which would enable competitors to take unfavorable
3                positions in response to such applications.

4      **4.**    __Categories of Confidential Information.__  Pursuant to the terms of
5  this Protective Order, a party or non-party may designate documents, materials,
6  testimony, and information produced during discovery as CONFIDENTIAL
7  INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL
8  ONLY.

9      (a)  <u>CONFIDENTIAL INFORMATION</u>.  A party or non-party may
10  designate as CONFIDENTIAL INFORMATION documents, materials,
11  testimony, and information produced during discovery that the party or non-
12  party in good faith believes contains or constitutes its or another's trade
13  secrets or other confidential business, research, development, technical,
14  financial, or commercial information and that it in good faith believes should
15  be disclosed only to those persons authorized to have access to such
16  documents, materials, testimony, and information under subparagraph 7(a)
17  of this Protective Order.

18      (b)  <u>CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY</u>.
19  A party or non-party may designate as CONFIDENTIAL INFORMATION –
20  TRIAL COUNSEL ONLY documents, materials, testimony, and
21  information produced during discovery that the party or non-party in good
22  faith believes contains or constitutes its or another's highly sensitive and
23  proprietary trade secrets or other confidential business, research,
24  development, technical, financial, or commercial information that would
25  provide a distinct competitive advantage if disclosed to business
26  representatives of a party or non-party to this litigation and that it in good
27  faith believes should be disclosed only to those persons authorized to have

28

4

1    access to such documents, materials, testimony, and information under
2    subparagraph 7(b) of this Protective Order.

3    **5.    Manner of Designation.**   Any designation made in accordance with
4    this Protective Order also shall apply to all documents that reproduce, paraphrase,
5    summarize or otherwise contain information from the documents, materials,
6    testimony, and information so designated.   Documents, materials, testimony, and
7    information shall be designated as follows:

8          (a)    Hard Copy and/or Imaged Documents.   The producing party or
9    non-party shall stamp or label

10                (i)    each page or appropriate portion of the document
11    produced; and

12                (ii)    the front page of any group of documents produced with
13    the term CONFIDENTIAL INFORMATION or CONFIDENTIAL
14    INFORMATION – TRIAL COUNSEL ONLY, as appropriate.   In
15    lieu of marking original documents, the producing party or non-party
16    may mark only the actual copies that are produced or exchanged.

17          (b)    Electronic Documents Produced In Native Form.   To avoid
18    altering documents produced in native form, the producing party or non-
19    party shall stamp or label

20                (i)    the file name that graphically represents each produced
21    document, which file name is viewable when navigating the electronic
22    media containing the produced document;

23                (ii)    the folder name, if any, that graphically represents each
24    produced document or group of documents, which folder name is
25    viewable when navigating the electronic media containing the
26    produced document; and/or

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

DNVRDOCS 20735v1

1      (iii)   the front of any CD, DVD, or other electronic media containing any group of produced documents with the term CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY, as appropriate.  In all cases, the front of the media must be stamped or labeled as appropriate.  In lieu of marking original documents, the producing party or non-party may mark only the actual copies that are produced or exchanged.

(c)   <u>Deposition Testimony</u>.  Deposition testimony taken in the Action shall be treated as CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY for a period of 30 days after receipt of the transcript of the deposition from the court reporter.  Thereafter, only such deposition testimony as was affirmatively designated on the record at the deposition or subsequently is designated in writing by a party or non-party as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY shall be treated as such.  The party or non-party subsequently designating deposition testimony as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY shall provide written notice to all other parties and applicable non-parties and to the court reporter of such designation by listing the page and line numbers of the transcript containing the testimony so designated.  For any deposition transcript in which any portion of the testimony has been designated as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY, the court reporter shall imprint the designation on each page of the original deposition transcript so designated and shall seal those pages of the original transcript in a separate envelope from those pages of

[PROPOSED] STIPULATED PROTECTIVE ORDER

DNVRDOCS 20735v1

the original transcript which have not been so designated.  In addition, each person authorized to receive a copy of a deposition transcript containing testimony that has been designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY, shall imprint the designation on each page of all copies of the transcript so designated.  A deposition transcript containing information so designated shall not be filed with the Court unless the party has complied with the provisions of paragraph 7 below.

(d)    Non-written materials.  For materials produced in non-written form, the party or non-party making the designation shall notify all parties and applicable non-parties in writing of the designation being made and describe in detail the specific materials that are being designated.  In the case of non-written media, such as videotapes, DVDs, hard drives, or computer diskettes, the producing party or non-party shall prominently stamp or label the media produced with the term CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY as appropriate.

**6.    Restrictions on Use and Disclosure.**

(a)    General Restrictions for the Use of All Confidential Information.  Except as agreed to in writing by the designating party or non-party, as the case may be, or except as otherwise provided by this Protective Order or by order of the Court, any document, material, testimony or information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY

(i)    may be received only by Authorized Persons qualified under paragraph 7 of this Protective Order to receive it;

[PROPOSED] STIPULATED PROTECTIVE ORDER

DNVRDOCS 20735v1

1          (ii)    shall be maintained in confidence by such Authorized

2    Persons;

3          (iii)    shall be disclosed by such Authorized Persons only to

4    other Authorized Persons entitled to receive it under the terms of this

5    Protective Order and shall not be disclosed or made available by such

6    Authorized Persons to anyone who is not authorized to receive such

7    documents, materials, testimony, or information under the terms of

8    this Protective Order; and

9          (iv)    shall be used by such Authorized Persons _only_ for the

10   purpose of this Action _and for no other purpose whatsoever_.  For

11   example, persons to whom access to CONFIDENTIAL

12   INFORMATION or CONFIDENTIAL INFORMATION – TRIAL

13   COUNSEL ONLY is given pursuant to this Order shall not disclose or

14   use in any way such information for purposes of, or in connection

15   with, the prosecution of any patents or patent applications (including

16   continuations, continuations-in-part, reexaminations or reissues) or for

17   any other business purpose.

18   (b)    <u>Deposition Transcripts</u>.  No copy of any transcript of any

19   deposition taken by any party which is designated in part or in whole as

20   CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION

21   – TRIAL COUNSEL ONLY shall be furnished by the court reporter to any

22   person other than to outside counsel for the parties or the deponent or to the

23   Court upon the Court's request.

24   (c)    <u>Copies</u>.  There shall be no reproduction whatsoever of any

25   documents, materials, testimony, or information designated as

26   CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION

27   – TRIAL COUNSEL ONLY, except as necessary in connection with this

28

8

Action.    Copies,    excerpts,    or    summaries    of    CONFIDENTIAL INFORMATION   or   CONFIDENTIAL   INFORMATION   –   TRIAL COUNSEL ONLY may be shown or given only to those authorized to have access   to   such   materials   pursuant   to   this   Protective   Order,   and   this Protective Order shall apply to any such copies, excerpts, or summaries.

    (d)    Limitations on Restrictions.

        (i)    The   restrictions   and   obligations   set   forth   in   this Protective Order shall not apply to documents, materials, testimony, or information as to which the parties agree, or the Court rules:

           (A)    are already in the public domain; or

           (B)    become part of the public domain other than as a result of disclosure, directly or indirectly, by a receiving party; or

           (C)    have come or shall come into the receiving party's legitimate possession from some source other than another party to this Action.

        (ii)    Nothing in this Protective Order shall restrict a party or its counsel from using or disclosing documents, materials, testimony, or information which they already possess or may acquire by proper means independent of the formal discovery process in this Action. This Protective Order shall not prohibit a party's counsel from contacting any person merely because that person's identity is disclosed in documents, materials, testimony, or information that has been designated pursuant to the terms of this Protective Order.  The restrictions and obligations set forth herein shall not be deemed to prohibit discussions with any person of any information if the person already has or obtains legitimate possession thereof.

[PROPOSED] STIPULATED PROTECTIVE ORDER

(iii)   No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to disclose CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY.  If a question or an answer at a deposition will disclose CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY, the deposition shall proceed upon the following basis: prior to posing a question or providing an answer to a question that would reveal CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY, at the request of the designating party or non-party, all persons not authorized to receive CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY under this Protective Order shall leave the room during the time in which the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY is disclosed or discussed.

7. **Authorized Persons.**

(a)   Confidential Information.   Access to CONFIDENTIAL INFORMATION shall be restricted to:

(i)   individual parties and officers or employees of each corporate party, provided that (A) access by such persons is reasonably necessary to prosecute or defend the Action, and the disclosed information is used only for that purpose, and (B) each such person executes the appropriate Certification in the form attached as Exhibit A hereto (to be retained by counsel for the party during the

[PROPOSED] STIPULATED PROTECTIVE ORDER

pendency of the case) before receiving access to any CONFIDENTIAL INFORMATION;

(ii)   in-house lawyers for a party who are charged with responsibility for and are actively engaged in supervising this Action and their immediate staff whose responsibilities require access to the documents, materials, testimony, or information so designated;

(iii)   outside lawyers who are members of or employed by a law firm engaged to represent a party in this Action, as well as employees of such law firms whose responsibilities require access to the documents, materials, testimony, or information so designated, and outside vendors (e.g., reproduction services, scanning services, and data management services) who have been retained by such counsel and who are assisting counsel in connection with the Action;

(iv)   the Court and any person employed by it;

(v)   court reporters (including stenographers and video technicians) taking a deposition in which CONFIDENTIAL INFORMATION will be disclosed;

(vi)   a deponent approved in writing or on the record at the deposition by the party designating the particular CONFIDENTIAL INFORMATION to be shown to such deponent, and then only with respect to the particular CONFIDENTIAL INFORMATION so approved by the designating party or non-party and provided the deponent executes the appropriate Certification in the form attached as Exhibit A hereto or agrees on the record under oath to be bound by the terms of this Protective Order before access to CONFIDENTIAL INFORMATION is allowed;

11

(vii) outside consultants or experts and their staff retained for any purpose in connection with this Action; provided, however, that prior to disclosure to any outside expert or consultant or any of their staff, the following procedure shall be followed: A notice shall be served on counsel for the party or non-party who made the CONFIDENTIAL INFORMATION designation stating the identity of the outside expert or consultant to whom CONFIDENTIAL INFORMATION is to be disclosed, which shall be accompanied by a copy of the appropriate executed Certification in the form of Exhibit A hereto and a complete and current *curriculum vitae* of such expert or consultant. In the case of consulting firms (e.g., graphics consultants, jury consultants, and translation services) the notice shall provide the identity of the consulting firm and the identity of each individual within the consulting firm that will have access to CONFIDENTIAL INFORMATION, which shall be accompanied by a copy of the appropriate executed Certification in the form of Exhibit A for the consulting firm and a current *curriculum vitae* for the consulting firm. The designating party or non-party shall have 5 business days to object to the proposed disclosure. If such an objection is made, the party seeking to make the disclosure shall not disclose the CONFIDENTIAL INFORMATION to the person for a period of 5 business days after receiving the objection. During this period of 5 business days following the objection, the designating party may file a motion to prevent disclosure. If the designating party does not file a motion within 5 business days of the objection, the objection shall be deemed waived and the party seeking to make the disclosure shall be allowed to do so. In such a motion, the party or

[PROPOSED] STIPULATED PROTECTIVE ORDER

DNVRDOCS 20735v1

non-party opposing disclosure shall bear the burden of establishing that disclosure is not appropriate under applicable law; and

(viii)  persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

(b)  <u>Confidential Information – Trial Counsel Only</u>.   Access to CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY shall be restricted to:

(i)   outside lawyers who are members of or employed by a law firm engaged to represent a party in this Action and who are not in any way involved with patent prosecution for a party to this Action, together with employees of such law firms whose responsibilities require access to the documents, materials, testimony, or information so designated and outside vendors (e.g., reproduction services, scanning services, and data management services) retained by such counsel and who are assisting counsel in connection with the Action;

(ii)   the Court and any person employed by it;

(iii)   court reporters (including stenographers and video technicians) taking a deposition in which CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY will be disclosed;

(iv)   a deponent approved in writing or on the record at the deposition by the party designating the particular CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY to be shown to such deponent, and then only with respect to the particular CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY so approved by the designating party or non-party and provided the deponent executes the appropriate Certification in the form attached as Exhibit A hereto or agrees on the record under oath to be bound by

13

the terms of this Protective Order before access to CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY is allowed;

(v)     outside consultants or experts and their staff retained for any purpose in connection with this Action; provided, however, that prior to disclosure to any outside expert or consultant or any of their staff, the following procedure shall be followed: A notice shall be served on counsel for the party or non-party who made the CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY designation stating the identity of the outside expert or consultant to whom CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY is to be disclosed, which shall be accompanied by a copy of the appropriate executed Certification in the form of Exhibit A hereto and a complete and current *curriculum vitae* of such expert or consultant.  In the case of consulting firms (e.g., graphics consultants, jury consultants, and translation services) the notice shall provide the identity of the consulting firm and the identity of each individual within the consulting firm that will have access to CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY, which shall be accompanied by a copy of the appropriate executed Certification in the form of Exhibit A for a representative of the consulting firm and a current *curriculum vitae* for the consulting firm.  The designating party or non-party shall have 5 business days to object to the proposed disclosure.  If such an objection is made, the party seeking to make the disclosure shall not disclose the CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY to the person for a period of 5 business days after receiving the objection.  During this period of 5 business days following the objection, the designating

[PROPOSED] STIPULATED PROTECTIVE ORDER

party may file a motion to prevent disclosure.  If the designating party does not file a motion within 5 business days of the objection, the objection shall be deemed waived and the party seeking to make the disclosure shall be allowed to do so.  In such a motion, the party or non-party opposing disclosure shall bear the burden of establishing that disclosure is not appropriate under applicable law;

(vi)    counsel    of    record    for    the    party    receiving CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY may request permission from the other party to disclose specific CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY to a control group of no more than two (2) individuals who are employees, managers and/or members of the corporate board of directors of the receiving party with responsibility for maintaining, defending or evaluating this litigation.   The party producing CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY shall not unreasonably withhold consent upon receiving such a request, but no disclosure may be made until receiving permission from the producing party.

(vii)   persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

**8.**    **Requirements to File Under Seal; Filing with the Court.**  If a party wishes to file with the Court a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit, or other document that produces paraphrases,    summarizes,    or    otherwise    contains    any    CONFIDENTIAL INFORMATION  or  CONFIDENTIAL  INFORMATION  –  TRIAL  COUNSEL ONLY, the party filing the materials shall comply fully with paragraph 9 of Judge Walter's Standing Order as well as all applicable local rules relating to filings under seal including, without limitation, Local Rule 79-5.1.

[PROPOSED] STIPULATED PROTECTIVE ORDER

9. **Redacted Documents.** Copies of documents may be provided in redacted form if the redaction served to protect: (a) information protected by the attorney-client privilege; (b) information protected by the work-product doctrine; (c) information not called for by the discovery requests served on the responding party or non-party, and/or; (d) information the production of which has been objected to by the responding party or non-party. If documents are provided in redacted form by a party or non-party, that party or non-party shall also provide to the receiving party a log describing the nature of the redacted information in a manner that, without revealing information itself privileged or protected, will enable other parties reasonably to assess the applicability of the privilege or protection. The receiving party may contest the redacting of the identified information by filing an appropriate motion with the Court under applicable law.

10. **Attorney-Client Privilege and Work Product.** Nothing in this Protective Order shall require disclosure of materials a party or non-party contends are protected from disclosure by the attorney-client privilege or the work-product doctrine. This paragraph shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials.

11. **Compliance with Third Party Judicial Process.** In the event that any party or any other individual described in Paragraph 6 above is served with a subpoena or other judicial process demanding the production or disclosure of any CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY materials, such party or individual shall, unless otherwise prohibited by law, (a) provide all parties or non-parties (including the designating party) with a copy of such subpoena or other judicial process within 10 business days following receipt thereof and (b) take reasonable steps to cooperate with the designating parties or non-parties in any effort to protect any CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   TRIAL COUNSEL ONLY materials from production or disclosure.  Nevertheless,

2   the designating party bears the burden of making a motion or seeking other relieve

3   to avoid the disclosure of such information.

4          **12.**   **Advice to Clients.**   Nothing in this Protective Order shall bar or

5   otherwise prevent any attorney herein from rendering advice to his or her client

6   with respect to this Action and, in the course thereof, from relying on his or her

7   examination   or   knowledge   of   CONFIDENTIAL   INFORMATION   or

8   CONFIDENTIAL   INFORMATION – TRIAL   COUNSEL   ONLY;   provided,

9   however, that in rendering such advice and in otherwise communicating with his or

10   her client, such attorney shall not disclose the contents or source of any

11   CONFIDENTIAL   INFORMATION   or   CONFIDENTIAL   INFORMATION –

12   TRIAL COUNSEL ONLY to any person not authorized to receive it under the

13   terms of this Protective Order.

14          **13.**   **No Admission Implied.**   The authorization contained herein for the

15   parties to designate any documents, materials, testimony, or information produced

16   in   connection   with   this   Action   as   CONFIDENTIAL   INFORMATION   or

17   CONFIDENTIAL   INFORMATION – TRIAL   COUNSEL   ONLY   is   intended

18   solely to facilitate discovery and preparation for trial of this Action, and such

19   designation shall not be construed in any way as an admission or agreement by the

20   other parties that such information constitutes or contains trade secrets or other

21   confidential business, research, development, technical, financial, or commercial

22   information under applicable law.

23          **14.**   **Error in Designation or Production.**   The production or other

24   disclosure of documents, materials, testimony, or information containing trade

25   secrets or other confidential business, research, development, technical, financial,

26   or   commercial   information   without   a   designation   as   CONFIDENTIAL

27   INFORMATION   or   CONFIDENTIAL   INFORMATION – TRIAL   COUNSEL

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

DNVRDOCS 20735v1

ONLY shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.   The **inadvertent (FFM)** production of documents or other information containing privileged information or attorney work product shall not be deemed a waiver in whole or in part of any party's or non-party's claim of privilege or work product protection, either as to the specific information disclosed or as to any other information relating thereto or to the same or related subject matter.

     **15.**   **<u>Right to Designate or Redesignate at Any Time.</u>**  If information is produced in discovery that is subject to a claim of privilege, protection as trial-preparation material, or confidentiality, the party making the claim shall notify any party that received the information of the claim and the basis for it within 5 business days of its discovery, and, within 5 business days of receipt of such notice, the notified party or parties (regardless of any disagreement regarding the proper designation of the document) shall (i) in the case of a privileged document, return, delete, or destroy the document forthwith, as well as any and all copies and shall certify to that effect; or (ii) in the case of a confidential, proprietary document, mark it and all copies, CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY as designated. When information not initially designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY is so designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later-designated information and otherwise ensure that persons to whom the information has been disclosed will treat it as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY.  However, no sanctions shall be imposed upon a notified party for any disclosure of the later-designated information made prior to

18

1  the notified party's receipt of written notification of the belated designation of the

2  information as such.  In the event that the notified party is unable to retrieve the

3  later-designated information – because, for example, the document has been given

4  to a third party who declines to return it – the notified party will provide the

5  designating party or non-party with the name, address, and telephone number of

6  such person(s) as well as the date of and reason for the transmission of the

7  document.

8      **16.    Right to Challenge Designations.**    Any party may contest the

9  designation of any information as privileged or as CONFIDENTIAL

10  INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL

11  ONLY.  A failure to challenge a claim of privilege or confidentiality shall not

12  constitute agreement that such claim is valid and shall not prejudice any party or

13  person.  If any party disagrees with any designation of any information as

14  privileged or as CONFIDENTIAL INFORMATION or CONFIDENTIAL

15  INFORMATION – TRIAL COUNSEL ONLY, it shall notify counsel for the

16  designating party or non-party, and they shall meet and confer in an attempt to

17  resolve the dispute.  If the dispute is not so resolved within 10 business days of

18  receiving notice, the party contesting the designation may place the dispute before

19  the Court, and the information shall be maintained as privileged or as

20  CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

21  TRIAL COUNSEL ONLY unless and until the Court rules otherwise.    In

22  connection with any such application for relief, the parties bear the applicable

23  burdens under applicable law.

24      **17.    Right to Seek Additional Relief.**  Nothing herein shall prevent a

25  party or non-party from petitioning the Court for additional relief or protection of

26  confidential materials.

27

28

19

DNVRDOCS 20735v1

**18.     Other Judicial Proceeding.**  By entering this Protective Order and limiting the disclosure of information in this case, this Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party that is subject to this Order and that is subject to a motion in another action to disclose another party's or non-party's information that was designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY pursuant to this Order, shall, unless otherwise prohibited by law, promptly notify the designating party or non-party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**19.     Conclusion of Action.**  Within 90 days after the final conclusion of this Action by settlement, judgment without appeal, or issuance of a mandate by an appellate court, counsel of record for each party shall return to the applicable designating party or non-party, or certify to them in writing that it has destroyed, all CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY designated by such party or non-party during the course of this Action, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom or referring thereto, except that each counsel of record may maintain a single copy of all pleadings containing such information and except for any documents properly classified as work product.

**20.     Survival beyond Termination of the Action.**  This Protective Order shall survive the final termination of this Action to the extent that the information contained in CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY material is not or does not become public knowledge.

[PROPOSED] STIPULATED PROTECTIVE ORDER

DNVRDOCS 20735v1

1    **21.**    **Modification.**  The terms of this Protective Order are subject to

2    modification, extension, or limitation if agreed to by all of the parties, and

3    approved and ordered by the Court.  In addition, nothing contained in this

4    Protective Order shall prevent a party at any time from seeking an order from the

5    Court modifying or otherwise providing relief from particular terms or conditions

6    of this Protective Order.

IT IS SO ORDERED.

DATED:  **August 27, 2010**

_____**/S/ FREDERICK F. MUMM**_____
UNITED STATES MAGISTRATE JUDGE

21

DNVRDOCS 20735v1

**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1 | Brandon C. Fernald (Bar No. 222429)
FERNALD LAW GROUP LLP
2 | 6609 Willoughby Avenue
Los Angeles, CA 90038
3 | Telephone: (323) 410-0300
Facsimile: (323) 410-0330
4 | brandon.fernald@fernaldlawgroup.com

5 | Aaron P. Bradford, Esq. (*pro hac vice*)
LATHROP & GAGE LLP
6 | Republic Plaza
370 17th Street, Suite 4650
7 | Denver, CO  80202-5607
Telephone: (720) 931-3200
8 | Facsimile: (720) 931-3201
abradford@lathropgage.com

9 | Attorneys for Plaintiff and Counter-Defendant
READYLIFT SUSPENSION, INC.
10 |

11 | UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
12 |

| | |
|---|---|
| READYLIFT SUSPENSION, INC., a Nevada Corporation, | CASE NO. 2:10-cv-03158-JFW-FFM |
| Plaintiff, | **DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| v. | |
| TAP WORLDWIDE, LLC, d/b/a TRANSAMERICAN AUTO PARTS, 4 WHEEL PARTS, INC., PRO COMP SUSPENSION; TRANSAMERICAN AUTO PARTS DISSOLUTION COMPANY, LLC f/k/a TRANSAMERICANN AUTO PARTS COMPANY, LLC, d/b/a 4WHEEL PARTS AND TRANSAMERICAN WHOLESALE; and EXPLORER DISSOLUTION COMPANY, LLC, f/k/a EXPLORER COMPETITION PRODUCTS, LLC d/b/a PRO COMP; DOES 1 through 10, inclusive, | |
| Defendants and Counter-Plaintiffs | |
| COUNTER-COMPLAINT | |

1   I, _____, acknowledge and declare

2   as follows:

3       1.    My address is:

4   _____.

5       2.    I have received a copy of the Protective Order in this Action; I have

6   carefully read and understand the provisions of the Protective Order; and I agree to

7   comply with, and to be bound by, its terms.

8       3.    I will hold in confidence, not disclose to anyone not qualified under

9   the Protective Order, and will use only for purpose of this Action, materials, that

10   are disclosed to me, marked or designated as (please check one or both as

11   applicable):

12           ☐ CONFIDENTIAL INFORMATION or

13           ☐ CONFIDENTIAL INFORMATION – TRIAL COUNSEL ONLY.

14       4.    I immediately will return all materials marked or designated as

15   CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

16   TRIAL COUNSEL ONLY that may come into my possession, and documents or

17   things which I may prepare relating thereto to counsel for the party producing such

18   materials upon receipt of a request to do so at the conclusion of the Action.

19       5.    I hereby irrevocably consent to the United States District Court for the

20   Central District of California for the purpose of any proceeding to enforce or

21   secure compliance with the terms of this Protective Order, or to punish the breach

22   of any of the terms of this Protective Order.  I understand that I may be found in

23   contempt of court if I violate this Agreement.

24       6.    I understand and agree that my obligations under this Certification

25   and Agreement and the Protective Order will survive and continue beyond the

26   termination of the Action.

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

DNVRDOCS 20735v1

1         I declare under penalty of perjury that the foregoing is true and correct.

2

3    Dated: _____

4
                                               _____

5                                              Signature

6                                              _____

7                                              Printed Name

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

DNVRDOCS 20735v1